O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LUIS GREGORIO BARBA,<br><br>        Petitioner,<br><br>     v.<br><br>KNIPP, WARDEN,<br><br>        Respondent. | Case No. CV 12-6248-VAP (MLG)<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE |

I. **Procedural Background**

Luis Gregorio Barba, who is a California state prisoner, filed this pro se petition for writ of habeas corpus on July 19, 2012. In June 2011, Petitioner was apparently found guilty of murder in the Los Angeles County Superior Court. He was sentenced to a term of life in prison.

A review of the petition as well as the California Appellate Court Case Information Website[1] reveals that Petitioner's direct appeal is currently pending in the California Court of Appeal. *People v. Barba, et al.,* Case No. B233355. Indeed, the court of appeal docket reveals that Barba's opening brief was filed by counsel only

---

[1] http://appellatecases.courtinfo.ca.gov/index.html.

on July 11, 2012. That brief, and the claims raised therein, were filed by Petitioner as part of the habeas corpus petition in this case. It is clear from the state court record that the direct appeal has not concluded that the claims for relief have never been presented to the California Supreme Court. Accordingly, the petition is subject to dismissal for failure to exhaust state remedies.

**II. Screening of Petitions**

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, a district court may summarily dismiss a habeas corpus petition, *before the respondent files an answer,* "[i]f it plainly appears from the face of the petition ... that the petitioner is not entitled to relief."  The notes to Rule 4 state: "[A} dismissal may be called for on procedural grounds, which may avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition." *See Boyd v. Thompson*, 147 F.3d 1124, 1127-28 (9th Cir. 1998). This is an appropriate case for invoking Rule 4.

**III. Exhaustion of Remedies**

A federal court will not grant a state prisoner's petition for writ of habeas corpus unless it appears that the prisoner has exhausted available state remedies as to all of the claims in the petition. 28 U.S.C. § 2254(b)-(c); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Hayes v. Kincheloe*, 784 F.2d 1434, 1437 (9th Cir. 1986) (citing *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979)). "For reasons of federalism, 28 U.S.C. § 2254 requires federal courts to give the states an initial opportunity to correct alleged violations

of its prisoners' federal rights." *Kellotat v. Cupp*, 719 F.2d 1027, 1029 (9th Cir. 1983); *see also Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006). Each federal constitutional claim must be presented to the state supreme court even if that court's review is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999); *Insyxiengmay v. Morgan*, 403 F.3d 657, 667-68 (9th Cir. 2005). Such a requirement affords state courts an opportunity to consider and correct any violation of federal law, thus demonstrating respect for our dual judicial system while also providing a complete record of a petitioner's federal claim as litigated in the state system. *Rose*, 455 U.S. at 518-19.

The exhaustion doctrine requires a petitioner to provide the state courts with one full opportunity to rule on his federal habeas claims before presenting those claims to the federal courts. *O'Sullivan*, 526 U.S. at 844-45; *Insyxiengmay*, 403 F.3d at 667. A petitioner must alert the state courts to the fact that he is asserting a federal claim in order to fairly and fully present the legal basis of the claim. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Reynoso*, 462 F.3d at 1109; *Insyxiengmay*, 403 F.3d at 668. The petitioner must make the federal basis of the claim explicit either by specifying particular provisions of the federal constitution or statutes, or by citing to federal case law. *Insyxiengmay*, 403 F.3d at 668.

Here, Petitioner has never submitted the claims for relief presented in this petition to the California Supreme Court, by way of either direct review or petitions for post-conviction relief. Indeed, the claims are still pending on direct appeal in the California Court of Appeal. A state supreme court decision on the

issues presented, either on the merits or on a procedural basis, is required for exhaustion.

    Accordingly, dismissal of this petition without prejudice for failure to exhaust appears to be required. However, before acting on its own initiative to dismiss a petition on procedural grounds, the Court must give the petitioner an opportunity to present his position on the issue. *Day v. McDonough,* 547 U.S. 198, 210 (2006). Therefore, Petitioner shall show cause in writing, on or before August 27, 2012, why the petition should not be dismissed without prejudice for failure to exhaust state court remedies.

Dated: July 30, 2012

_____
Marc L. Goldman
United States Magistrate Judge