O

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

SEP - 7 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

LUIS GREGORIO BARBA,                )      Case No. CV 12-6248-VAP (MLG)
                                    )
            Petitioner,             )      ORDER DENYING CERTIFICATE OF
                                    )              APPEALABILITY
     v.                             )
                                    )
KNIPP, WARDEN,                      )
                                    )
            Respondent.             )
                                    )
_____)

     Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts requires the district court to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the petitioner. Because jurists of reason would not find it debatable whether this Court was correct in its ruling dismissing the petition for failure to exhaust state remedies, a COA is denied.

     Before Petitioner may appeal the Court's decision dismissing his petition, a COA must issue.  28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).  The Court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue.  28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b).

1      The court determines whether to issue or deny a COA pursuant to

2  standards established in *Miller-El v. Cockrell*, 537 U.S. 322 (2003);

3  *Slack v. McDaniel*, 529 U.S. 473 (2000); and 28 U.S.C. § 2253©.

4  Ordinarily, a COA may be issued only where the petitioner has made a

5  "substantial showing of the denial of a constitutional right." 28

6  U.S.C. § 2253 (c)(2); *Miller-El*, 537 U.S. at 330. Where, as here, the

7  district court dismisses a habeas corpus petition without reaching the

8  prisoner's underlying constitutional claim, a COA should issue when

9  the prisoner shows, at least, that jurists of reason would find it

10  debatable whether the petition states a valid claim of the denial of

11  a constitutional right and that jurists of reason would find it

12  debatable whether the district court was correct in its ruling.

13  *Slack*, 529 U.S. at 484; *Gonzalez v. Thayer*, 132 S.Ct. 641, 648 (2012);

14  *See also Miller-El,* 537 U.S. at 338.

15      In *Silva v. Woodford*, 279 F.3d 825, 832-33 (9th Cir. 2002), the

16  court noted that this amounts to a "modest standard". A COA should

17  issue when the claims presented are "adequate to deserve encouragement

18  to proceed further." *Slack,* 529 U.S. at 483-84, (quoting *Barefoot v.*

19  *Estelle*, 463 U.S. 880, 893 (1983)); *see also Silva,* 279 F.3d at 833.

20  If reasonable jurists could "debate" whether the petition could be

21  resolved in a different manner, then the COA should issue. *Miller-El,*

22  537 U.S. at 330.

23      Under this standard of review, a COA should be denied. In

24  dismissing the petition for writ of habeas corpus, this Court found

25  that Petitioner had failed to present any of her claims for relief to

26  the California State Court and thus, had not exhausted state remedies.

27  Petitioner cannot make a colorable claim that jurists of reason would

28  find debatable or wrong the decision dismissing the petition without

2

1  prejudice. Petitioner is not entitled to a COA.

2      Therefore, pursuant to 28 U.S.C. § 2253, a certificate of

3  appealability is DENIED.

4

5  Dated: September 6, 2012

6

7                                          Virginia A. Phillips
                                           United States District Judge
8

9

10 Presented By:

11

12

13

14 Marc L. Goldman
   United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                3